UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA


LEGISTINE NORTH                              CIVIL ACTION

VERSUS                                       NO: 07-3000

DR. JERRY THOMAS                             SECTION: "J"

### ORDER AND REASONS

Before the Court is Defendant Dr. Jerry Thomas, M.D.'s ("Dr. Thomas") **Motion for Summary Judgment (Rec. Doc. 52)**, set for hearing on April 2, 2008 on the briefs.  Dr. Thomas moves for summary judgment on the grounds that he is entitled to qualified immunity.

### Background Facts

Plaintiff, Legistine North, was housed in the B.B. "Sixty" Rayburn Correctional Center in Angie, Louisiana, at the time of the filing of his *pro se* and *in forma pauperis* complaint against Dr. Thomas, who was employed as a doctor at the Rayburn Correctional Center, pursuant to 42 U.S.C. 1983.  In his Complaint, Plaintiff alleged that Dr. Thomas provided him with

constitutionally inadequate medical care.  Plaintiff seeks compensatory and punitive damages, damages for mental anguish, and certain injunctive relief.

Prior to a ruling by this Court on Dr. Thomas' motion for summary judgment, set for hearing on April 2, 2008, counsel for Dr. Thomas informed the Court that Plaintiff has been released from the Rayburn Correctional Center and that Dr. Thomas is not aware of Plaintiff's current whereabouts.  As a result, Dr. Thomas has not been able to serve Plaintiff with a copy of its motion.

This Court subsequently entered a Show Cause Order, directing it to Plaintiff's last known address, ordering Plaintiff to show cause not later than May 14, 2008 why his complaint should not be dismissed for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.  Plaintiff has failed to respond to the Show Cause Order.

## Discussion

Dr. Thomas moves for summary judgment on the grounds that he is entitled to qualified immunity.  Furthermore, although Plaintiff has a clearly established Eighth Amendment right to medical care, he did not suffer a violation of that right as Dr. Thomas did not act with deliberate indifference to any of Plaintiff's serious medical needs.  In support, Dr. Thomas

provided the Court with Plaintiff's medical record which evidences extensive treatment provided to Plaintiff.

In testing for qualified immunity, courts are to apply a two-part test: (1) whether the plaintiff has alleged a violation of a clearly established constitutional right; and (2) if so, whether the defendant's conduct was objectively unreasonable in the light of the clearly established law at the time of the incident.  See Hare v. City of Corinth, Miss., 135 F.3d 320, 325 (5th Cir. 1998).  Whether a plaintiff has alleged a violation of a clearly established constitutional right is a purely legal question to be determined by the Court.  Id. at 325-26.

As to the first element, in Estelle v. Gamble, the Supreme Court held that only deliberate indifference, "an unnecessary wanton infliction of pain . . . or acts repugnant to the conscience of mankind," constitutes conduct proscribed by the Eighth Amendment.  429 U.S. 97, 104 (1976).  As to the second element, "[m]ere negligence or a failure to act reasonably is not enough.  The officer must have the subjective intent to cause harm."  Mace v. City of Palestine, 333 F.3d 621, 626 (5th Cir. 2003).

Dr. Thomas argues that Plaintiff's allegations of deliberate indifference to serious medical needs are belied by the

3

evidence.[1]  "A mere disagreement with the level and type of treatment is not actionable under the Eighth Amendment."  See Woods v. TDCJ, No. 06-222, 2008 WL 189562 (S.D. Tex. Jan. 18, 2008) (citing Estelle, 429 U.S. at 105).  This Court finds that Dr. Thomas' motion, to which Plaintiff has failed to file an opposition, has merit and should be granted.

Furthermore, Rule 41(b) of the Federal Rules of Civil Procedure specifically provides that a court may, in its discretion, dismiss a plaintiff's claim for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or any Order of the court.  See Fed. R. Civ. P. 41(b).  A Rule 41(b) dismissal is considered an adjudication on the merits.  Id.

In determining whether to dismiss a claim, courts have traditionally considered the extent to which the plaintiff, rather than his counsel, has been responsible for any delay or failure to comply with a rule or order.  See e.g. Silas v. Sears, Roebuck & Co., 586 F.2d 382 (5th Cir. 1978); Ramsay v. Bailey, 531 F.2d 706 (5th Cir. 1976).  In this case, Plaintiff is without counsel and is responsible for the prosecution of his case.

---

[1] "Medical records of sick calls, examinations, diagnoses, and medications may rebut an inmate's allegations of deliberate indifference."  Banuelos v. McFarland, 41 F.3d 232, 235 (5th Cir. 1995).

Plaintiff has not notified the Court that he has been released from Rayburn Correctional Center, nor has he provided the Court with his current address or prison location.  Plaintiff was made aware of his obligation to keep the Court informed of his whereabouts as reflected on page five of his Complaint, where he signed the Plaintiff's Declaration on May 21, 2007.  The Uniform Louisiana Local Rules applicable to this Court also require that a *pro se* plaintiff provide the Court with a current address or face dismissal of the case.  See L.R. 41.3.1 E.

Plaintiff has not provided the Court with a change of address or any other means of contacting him.  Plaintiff has also failed to show cause why his complaint should not be dismissed for failure to prosecute pursuant to Rule 41(b).  Accordingly,

**IT IS ORDERED** that Dr. Thomas' **Motion for Summary Judgment (Rec. Doc. 52)** is hereby **GRANTED** and that the claims of Legistine North against Dr. Jerry Thomas be and are hereby **DISMISSED**.

New Orleans, Louisiana this 22nd day of May, 2008.

*[signature]*

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE